# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. BURTON, | CV F   05 1287 OWW SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1, 15.) |
| A. SCRIBNER, | |
| Defendants. | |

Jerry A. Burton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on September 21, 2005, in the Sacramento Division of the U.S. District Court for the Eastern District of California. The action was transferred to this Court and received on October 11, 2005. On January 31, 2006, Plaintiff filed an Amended Complaint.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The basis of plaintiff's claims in this action is his placement in administrative segregation on December 9, 2004, for possession of a weapon, a rules violation.  On June 16, 2005, the Classification Committee was granted a ninety day extension to hear Plaintiff's rules violation.  On September 8, 2005, when the extension expired, the Institutional Classification Committee refused to bring Plaintiff to his scheduled rules violation hearing.  On that day Plaintiff attempted suicide by hanging and overdose and was admitted to the mental health hospital.  Plaintiff filed a 602 on September 8, 2005, concerning his continued detention in ad-seg.  On October 6, 2005, Plaintiff was released back into the general population even though a hearing on the rules violation had not occurred.  Plaintiff states that the rules violation was heard in his absence.

On December 19, 2005, Plaintiff's 602 was granted at the first level.  On December 22, 2006, Plaintiff resubmitted his 602 based on false imprisonment.  On January 12, 2006, the 602 was screened out at the second level indicating that the action was granted and no further action was required.  Plaintiff alleges that the illegal confinement in administrative segregation violated his constitutional right to due process.

**C. CLAIMS FOR RELIEF**

### 1. Due Process[1]

Plaintiff alleges that his placement in administrative segregation violated his right to due process. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The state does not create protectable liberty interests by way of mandatory language in prison regulations. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Rather, the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff is pursuing a claim under section for 1983 for violation of his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The provision for certain procedural protections under state law does not work to enlarge the protections plaintiff is due under federal law, which as discussed below are fairly minimal. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Thus, allegations concerning the failure of staff to follow certain state regulations concerning procedure do not give rise to a claim for relief unless plaintiff has a protected liberty interest at stake and plaintiff is deprived of the procedural protections he is also due under federal law.

The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation, see Hewitt, 459 U.S. at 466-68, and plaintiff has not alleged any facts which support a finding that plaintiff had a liberty interest in remaining free from administrative segregation created by state law. Plaintiff's conclusory allegation that he had a liberty interest is insufficient, and the allegation that  the granting of his

---

[1]The Court notes that Plaintiff names only the Warden as Defendant but fails to link him to an act or omission giving rise to the allegation and does not allege sufficient facts to hold the Warden liable under a theory of supervisory liability. Generally, such defects are curable, however, because Plaintiff fails to state a claim for relief the Court will not grant leave to amend to cure these deficiencies.

3

appeals demonstrates the existence of a liberty interest is without merit.  An appeals process decision that was favorable to plaintiff does not create a liberty interest.  The amended complaint is devoid of any facts supporting a finding that plaintiff was subjected to a situation which constituted atypical and significant hardship.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (*quotations omitted*); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).  Accordingly, the Court will RECOMMEND that Plaintiff's Due Process claims be dismissed, with prejudice.

The Court notes that even if Plaintiff had alleged facts sufficient to support a finding that he had a liberty interest at stake, Plaintiff has not alleged any facts which support a claim that he was deprived of the minimal procedural protections he is due under federal law.  Plaintiff is entitled only to "an informal nonadversary hearing within a reasonable time" after segregation, notice of the charges or reasons for segregation, and an opportunity to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986).  Plaintiff's allegation that he was not provided a hearing within the expected time frame does not give rise to a constitutional violation.  Further, the Court notes that the documentation submitted by Plaintiff indicates that the Rules Violation Hearing took place on October 16, 2005, and indicates that Plaintiff was present and entered a plea of not guilty. (Unmarked attachment p. 5, Am. Compl.)  Plaintiff was also found "not guilty" and the case was dismissed.  Id.  Thus, Plaintiff's allegation that the hearing was held in absentia is incorrect.

2*. False Imprisonment Claims*

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (*quoting* Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)).  "There are two bases for

claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). Plaintiff is a convicted prisoner in the custody of the California Department of Corrections and this action involves no claims to the contrary. Plaintiff's placement in administrative segregation does not give rise to a false imprisonment claim under California law. The court recommends that this claim be dismissed, with prejudice.

### 3. *Exhaustion*

Finally, even had the Court found the allegations to state a claim, dismissal is warranted because Plaintiff did not exhaust his administrative remedies prior to filing this action. Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

Plaintiff's allegation concerning his placement in administrative segregation took place on December 9, 2004, and he filed his first administrative grievance on September 5, 2005. (Unmarked Attach. P.2, Am. Compl.) However, Plaintiff instituted this action on September 21, 2005, at the informal level. Although his grievance was granted, it was not done so until December 9, 2005, after Plaintiff filed this action.

**D. CONCLUSION AND RECOMMENDATION**

1  Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief
2 under Section 1983 and did not exhaust his administrative remedies prior to instituting this action
3 as is required by law.  The Court further finds that the deficiencies outlined above are not capable
4 of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C.
5 § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the
6 Court RECOMMENDS that this action be dismissed in its entirety.

7  It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
8 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
9 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
10 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
11 of this Report and Recommendation, any party may file written objections with the Court and
12 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
13 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
14 within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
15 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

16  The parties are advised that failure to file objections within the specified time may waive
17 the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
18 1991).

20 IT IS SO ORDERED.

21 **Dated:   December 21, 2006**               **/s/ Sandra M. Snyder**
    icido3                                                  UNITED STATES MAGISTRATE JUDGE